IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARDS, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | | 3:07-CV-1824-D |
| ) | | |
| CARNELL MURRELL, et al., ) | | |
|     Defendants. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil action.

Parties: Plaintiff Michael Edwards (Edwards) resides in Richardson, Texas. Defendants are Carnell Murrell of Inglewood, California, and Cardell Booker of Dallas, Texas. The Court did not issue process in this case, pending preliminary screening. On November 7 and 27, 2007, and January 14, 2008, the Magistrate Judge issued an original and two supplemental questionnaires to Plaintiff, who filed his answers thereto on November 16, 2007, December 11, 2007, and January 30, 2008.[1]

---

[1] Contemporaneously with the filing of this recommendation, the court granted Plaintiff leave to amend the complaint to add Cardell Booker as a defendant. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course . . . before being served with a responsive pleading"); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect"). The one-page amended complaint alleges claims against Defendant Booker and encloses a complete

Statement of Case: The amended complaint, as supplemented by the answers to the questionnaires, alleges that Defendants Murrell and Booker engaged in copyright infringement and failed to pay royalties stemming from sound recordings, which included music, songs and other materials, developed by Plaintiff beginning in 1988. In mid 1994 and early 1995, Mr. Booker allegedly stole a song from Plaintiff entitled "He'll wipe away my tears." The amended complaint further alleges that in 2007 Murrell and Booker tarnished Plaintiff's reputation through fraud and false and defamatory statements in a child support case pending against Plaintiff in Dallas County. Plaintiff requests unpaid royalties, and compensation for pain and suffering.

Findings and Conclusions: The court has permitted Plaintiff to proceed *in forma pauperis*. His amended complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court. Section 1915(e)(2)(B) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the

---

copy of the original complaint setting out all of the claims against Defendant Murrell. In answer to the second supplemental questionnaire, Plaintiff confirms that he wishes to amend his complaint to add Booker as a defendant, and that his amended complaint will replace an supersede his original complaint. (*See* Answer to Second Suppl. Question Nos. 1-3).

complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

In the amended complaint and in answer to Question 1 of the first supplemental questionnaire, Edwards concedes that he does not own a valid copyright on the music/song he claims to have written. To prove a claim for copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991); see also *Gen. Universal Sys., Inc. v. Lee,* 379 F.3d 131, 141 (5th Cir. 2004). Since Edwards has no standing to bring an action for copyright infringement, this aspect of his complaint is frivolous as a matter of law. Moreover, given that Edwards claims that Murrell and Booker "stole" his song in 1994 or 1995 (*see* answer to Question No. 2, *supra*), his claim is also time barred. *See* 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."); *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F.Supp.2d 756 (N.D. Tex., 2006) (copyright infringement claims accruing more than three years before an action is filed are time-barred). Accordingly, Plaintiff's copyright infringement claim should be dismissed with prejudice as frivolous.

Besides copyright infringement, Edwards alleges state law defamation and fraud claims. Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Subject matter jurisdiction is an issue of paramount concern, and should be addressed,

3

*sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

Edwards cannot rely on diversity of jurisdiction. He and Defendant Booker are citizens of the State, Texas. (Answer to Second Suppl. Question 8). It is well-established that the diversity statute requires "complete diversity" of citizenship. A district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 7 U.S. 267, 2 L.Ed. 435 (1806); *Mas v. Perry,* 489 F.2d 1396, 1398-99 (5th Cir. 1974)); *see also Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Since the complaint fails to present a federal claim, the court lacks any basis for the exercise of supplemental jurisdiction over Plaintiff's state law defamation and fraud claims. *See* 28 U.S.C. § 1367(a).[2] Therefore, those claims should be dismissed *sua sponte* for want of jurisdiction.

With respect to Plaintiff's motions for the appointment of counsel, to supbpoena and for hearing, and for preliminary hearing on defenses under Fed. R. Civ. P. 12(d), the court should deny the same. A plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law. *See Castro Romero v. Becken*, 256 F.3d 349, 353 -354 (5th Cir. 2001); *Akasike v.*

---

[2] Section 1367(a) provides in pertinent part:
[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

*Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Moreover, in the instant case, Plaintiff has failed to show that his case presents any exceptional circumstances warranting the appointment of counsel. *See Ulmer*, 691 F.2d at 212 (listing factors to be considered in appointing counsel).

Plaintiff's remaining motions are premature. The court has not issued process in this case and, as set out more fully above, this case is subject to summary dismissal at the screening stage.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's copyright infringement claim be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i), and that Plaintiff's remaining claims be dismissed *sua sponte* for lack of subject matter jurisdiction.

It is further recommended that Plaintiff's motions for the appointment of counsel, for hearing, and for preliminary hearing [Doc. #21 and #25-26] be DENIED as moot.

Signed this 26th day of February, 2008.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.